**AFFIRM; Opinion Filed November 14, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00151-CR**

**No. 05-12-00152-CR**

**JAMES RANDOLPH BELL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F11-70232-H, F11-70233-H**

## MEMORANDUM OPINION

Before Justices Moseley, Lang, and Richter[1]
Opinion by Justice Moseley

A jury convicted James Randolph Bell on two counts of possession of child pornography. In four issues, Bell asserts the evidence is legally insufficient to support either conviction and the evidence is insufficient to support the trial court's judgments requiring him to pay court costs. The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

Karen Thomas and Jessie Joseph and their respective children lived together in Thomas's home. The complainants, N.T. and L.C., are the daughters of Thomas and Joseph, respectively. At the time of the relevant events, both complainants were thirteen years old. A few months

---

[1] The Hon. Martin Richter, Justice, Assigned

before the offenses occurred, Bell began visiting Thomas's home almost every day. Bell regularly brought his laptop computer, cell phone, digital camera, and camcorder with him. L.C. testified Bell never left his laptop at Thomas's house overnight.

N.T. and L.C. occasionally used Bell's laptop—with his consent—to download music or complete homework assignments. One night while L.C. was using Bell's laptop, she inadvertently opened Bell's photo gallery. While looking through the photographs, L.C. saw nude photographs of herself while she was drying off after a shower. The laptop also contained photographs of N.T. that depicted her naked. The girls showed the photographs on Bell's laptop to Thomas.

When confronted about the photographs, Bell said, "I don't know why I did it. I don't know what I was thinking. It's not like I was going to show anybody." Bell then left the house with his computer and the police were called. Subsequently, investigating officers obtained a warrant to search Bell's residence; they seized the laptop from Bell's bedroom. A forensic exam of the laptop produced photographs showing the complainants in various states of undress. The photographs appear to have been taken through a window with the photographer standing outside the complainants' bedrooms. At trial, the State's exhibits included photographs of each girl that showed their faces and bare breasts.

As applicable here, a person commits the offense of possession of child pornography if he knowingly or intentionally possesses visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct and he knows that the material depicts the child in this manner. TEX. PENAL CODE ANN. § 43.26(a) (West Supp. 2013). On appeal, Bell does not dispute he owns the computer on which the photographs were found or that the images depict child pornography. Rather, he only

challenges the sufficiency of the evidence in each case showing he knowingly possessed the child pornography.

We review the evidence under the legal sufficiency standard of review. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011), *cert. denied,* 132 S. Ct. 1763 (2012). In a legal sufficiency review, "we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Adames*, 353 S.W.3d at 860. This standard "recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence." *Id.* We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *See id.* (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

A person possesses a thing when he exercises actual care, custody, control, or management over the thing. TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2013). A person acts knowingly or with knowledge of the nature of his conduct or circumstances "when he is aware of the nature of his conduct or that the circumstances exist." *Id.* § 6.03(b) (West 2011). Proof of a culpable mental state almost invariably depends upon circumstantial evidence. *See Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991) *overruled on other grounds by Fuller v. State*, 829 S.W.2d 191 (Tex. Crim. App. 1992). A trier of fact can infer knowledge from all the circumstances, including the acts, conduct, and remarks of the accused. *See Dillon v. State*, 574 S.W.2d 92, 94 (Tex. Crim. App. [Panel Op.] 1978).

There is evidence in the record that investigators seized Bell's laptop from his bedroom and the photographs were recovered from the laptop by a forensic examiner. L.C. testified Bell took his computer home with him when he left Thomas's house and never left it at Thomas's

house overnight. The record reflects that when Thomas confronted Bell about the photographs on his laptop he said, "I don't know why I did it. I don't know what I was thinking. It's not like I was going to show anybody."

On appeal, Bell also argues numerous people in Thomas's house had access to his laptop. The jury heard evidence that other people in the home had access to Bell's laptop, including two adult men who lived in the home. However, the jury could have reasonably believed these men were not responsible for placing the images on Bell's computer. *See Adames*, 353 S.W.3d at 860. Bell also argues the police did not investigate the offenses thoroughly, no one saw Bell taking videos or photos from outside the windows of the house, and no contraband was found on Bell's other electronic devices. The jury heard evidence on all these issues and was free to determine the weight and credibility of that evidence. Nevertheless it concluded Bell was guilty of knowingly possessing the child pornography. *See id.* Further, the State need not disprove all reasonable alternative hypotheses for the evidence to be sufficient. *See Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

Considering all the evidence (including that summarized above) in the light most favorable to the verdict, we conclude a rational trier of fact could have found Bell knowingly possessed the photographs. Bell concedes the images were child pornography. Thus, a reasonable jury could have found him guilty beyond a reasonable doubt of the offenses of knowingly possessing child pornography. *See Jackson*, 443 U.S. at 319; *Adames*, 353 S.W.3d at 860. Thus we overrule Bell's first two issues.

In issues three and four, Bell argues the evidence is insufficient to support the trial court's order that he pay $594 and $614 in court costs. Therefore, Bell argues, the judgment should be reformed to delete the court costs. Because the clerk's record did not contain a bill of costs, we ordered the Dallas County District Clerk to file supplemental records containing the certified bill

of costs associated with these two cases. The clerk did so, filing two supplemental clerk's records in each case. *See* TEX. R. APP. P. 34.5(c)(1) (stating rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted).

Bell makes two objections to the supplemental records in each case. He first complains the clerk did not file a "proper bill of costs" because it is an unsworn, unsigned computer printout. While the code of criminal procedure requires a record be kept, it does not specify the form of the record except to state that it must be certified and signed "by the officer who charged the costs or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001, .006; *Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, pet. filed). The district clerk's supplemental record in each case contains a "Bill of Costs Certification" containing the costs that have accrued to date; the documents are certified and signed by the clerk. Because the documents meet the mandate of the code of criminal procedure, we conclude Bell's first objection that the bill of costs is not "proper" lacks merit. *See id.* at *4.

Bell also complains the record does not indicate the bills of costs was filed or brought to the trial court's attention before costs were entered. We previously addressed and overruled this argument in *Coronel*. *See id.* at *5.

With the supplemental records containing the bill of costs now before us, we conclude Bell's complaint that the evidence is insufficient to support the imposition of costs lacks merit. *See id.* at *4-5; *Franklin v. State*, 402 S.W.3d 894, 894 (Tex. App.—Dallas 2013, no pet.). Accordingly, we overrule Bell's third and fourth issues.

We affirm the trial court's judgment.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120151F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JAMES RANDOLPH BELL, Appellant

No. 05-12-00151-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F11-70232-H.
Opinion delivered by Justice Moseley.
Justices Lang and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 14th day of November, 2014.


 /Jim Moseley/
JIM MOSELEY
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JAMES RANDOLPH BELL, Appellant

No. 05-12-00152-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F11-70233-H.
Opinion delivered by Justice Moseley.
Justices Lang and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 14th day of November, 2014.

/Jim Moseley/
JIM MOSELEY
JUSTICE